**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

January 11, 2013

LETTER TO COUNSEL

      RE:    *Rodney D. Purnell, Sr. v. Michael J. Astrue, Commissioner of Social Security*;
             Civil No. SAG-10-2474

Dear Counsel:

      On September 9, 2010, claimant Rodney D. Purnell, Sr. petitioned this Court to review the Social Security Administration's final decision to deny his claim for Disability Insurance Benefits and Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 19, 21). I find that no hearing is necessary. Local R. 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). I will deny both motions, vacate the Commissioner's denial of benefits, and remand this matter for further proceedings consistent with this opinion. This letter explains my rationale.

      Mr. Purnell filed his claim for benefits on December 26, 2007, alleging disability beginning on August 1, 2007. (Tr. 113-22). His claim was denied initially on March 25, 2008, and on reconsideration on June 2, 2008. (Tr. 68-75, 77-80). After a hearing on April 28, 2009, (Tr. 23-62), an Administrative Law Judge ("the ALJ") issued an opinion denying benefits based on a determination that Mr. Purnell was not disabled. (Tr. 13-22). The Appeals Council denied Mr. Purnell's request for review, (Tr. 1-5), so the ALJ's opinion is the final, reviewable decision of the agency.

      The ALJ found that Mr. Purnell suffered from the severe impairments of hepatitis C virus, insulin dependent diabetes mellitus, and vision. (Tr. 15). Despite these impairments, the ALJ found that Mr. Purnell had retained the residual functional capacity ("RFC") to

> perform a range of light work as defined in 20 CFR 404.1567(b) and 416.967(b). He can lift/carry 20 pounds occasionally and 10 pound [sic] frequently; stand/walk 2 hours in an 8-hour workday; sit up to 6 hours in an 8-hour workday; occasionally balance and climb ramps and stairs but never climb ladders, ropes, or scaffolds[.]

(Tr. 16). After considering testimony from a vocational expert ("VE"), the ALJ concluded that Mr. Purnell could perform work that exists in significant numbers in the national economy, and

*Rodney Purnell v. Michael J. Astrue, Commissioner of Social Security*
Civil No. SAG-10-2474
January 11, 2013
Page 2

that he therefore was not disabled.  (Tr. 20-21).

      Mr. Purnell makes several arguments in support of his appeal, several of which revolve around his alleged hand impairments.  I agree that the ALJ has not provided sufficient analysis for me to determine whether his conclusions as to Mr. Purnell's hand limitations are premised on substantial evidence.  Remand is therefore warranted.

      The ALJ's opinion provides little analysis pertaining to Mr. Purnell's ability to use his hands effectively.  The record is replete with evidence that Mr. Purnell suffers from diabetic neuropathy affecting both his lower and upper extremities.  Much of the medical evidence relating to the neuropathy in Mr. Purnell's hands comes from his subjective complaints, *see, e.g.,* Tr. 438, 443, 446, and the ALJ made an adverse credibility finding.  (Tr. 19).  That adverse credibility finding is not well-explained with citation to specific facts in the record.  More importantly, however, even the ALJ's recitation of the medical evidence notes the documented <u>objective</u> evidence of neuropathy affecting Mr. Purnell's hands.  *See, e.g.,* Tr. 18 (stating "An electromyography dated June 10, 2008, demonstrated moderate sensory polyneuropathy of the upper extremities, likely related to the claimant's history of poorly controlled diabetes.").  The ALJ's opinion is devoid of discussion of Mr. Purnell's ability to use his hands.  While the Commissioner cites to record evidence that potentially could support a decision in accordance with the ALJ's determination, I am unable to determine from the opinion whether or how the ALJ evaluated that evidence.  Remand is warranted for an adequate explanation of the evidence supporting the ALJ's RFC, particularly as it relates to Mr. Purnell's diabetic neuropathy of the upper extremities.  In so holding, I express no opinion on whether the ALJ's ultimate determination that Mr. Purnell was ineligible for benefits was correct or incorrect.

      I need not address the remaining issues Mr. Purnell has raised on appeal, because the case will be remanded for further proceedings.  For the reasons set forth herein, Mr. Purnell's motion for summary judgment (ECF No. 19) and Defendant's motion for summary judgment (ECF No. 21) will be DENIED.  The ALJ's opinion will be VACATED and the case will be REMANDED for further proceedings.  The clerk is directed to CLOSE this case.

      Despite the informal nature of this letter, it should be flagged as an opinion.  An implementing Order follows.

      Sincerely yours,

      /s/

      Stephanie A. Gallagher
      United States Magistrate Judge